IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BURNS &AMP; MCDONNELL ENGINEERING COMPANY, INC., LOUISA ENVIRONMENTAL PROJECT PARTNERS,<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>TANK CONNECTION, LLC, NEIGHBORS &AMP; ASSOCIATES, INC., CHARTIS SPECIALTY INSURANCE COMPANY,<br><br>　　　　　　　Defendants. | 8:12CV357<br><br>**MEMORANDUM AND ORDER** |

　　　　The defendants have moved to dismiss this case, arguing the forum selection clause in the contract at issue requires that any disputes must be litigated in an Iowa court. (Filing No. 8). Under the terms of the contract, "the parties agree to venue in any court of competent jurisdiction in Iowa, and specifically waive challenges to such venue on any grounds." (Filing No. 9-1, at CM/ECF p. 11, ¶ 19).

　　　　In response the motion to dismiss, the plaintiffs have moved to transfer this case to the United States District Court for the Southern District of Iowa. (Filing No. 12). The defendants oppose the motion to transfer venue, citing the arguments advanced on the motion to dismiss. (Filing No. 15).

　　　　Diversity jurisdiction exists, and the plaintiffs' lawsuit could have been filed in the Iowa federal court. When ruling on a motion to transfer pursuant to 28 U.S.C. § 1404(a), the court must analyze case specific factors to determine whether the plaintiffs' requested transfer to the Iowa federal court will advance the convenience and fairness of these proceedings. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The court must consider the convenience of the parties, the convenience of the witnesses, the interests of justice, and any other relevant factors when comparing alternative venues.

The plaintiffs' complaint seeks recovery of unpaid attorney fees and expenses incurred to defend a personal injury lawsuit related to a construction project in Louisa, Iowa. By filing their action in a Nebraska federal court, the plaintiffs chose a federal forum. And as argued in the defendants' brief:

> Plaintiffs are from Kansas City, Missouri and Omaha, Nebraska, respectively, and Tank is from Parsons, Kansas. . . . The forum selection clause is presumed valid and there is no reason to believe it is unjust, unreasonable or invalid. The contract giving rise to Plaintiffs' lawsuit was between sophisticated business entities for a construction project in Iowa, and litigating these issues in Iowa instead of Nebraska is consistent with federal law and the public policy of both Nebraska and Iowa.

(Filing No. 9, at CM/ECF pp. 4-5).   Finally, under the forum selection clause at issue, the defendants have waived any challenge to an Iowa forum. (Filing No. 9-1, at CM/ECF p. 11, ¶ 19).

Upon consideration of the arguments and evidence before me, the court finds this case should be transferred to the United States District Court for the Southern District of Iowa. Accordingly,

IT IS ORDERED:

1)   The plaintiffs' motion to transfer venue, (Filing No. 12), is granted.

2)   The clerk shall transfer this case to the United States District Court for the Southern District of Iowa.

January 14, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.